

2007 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

6-20-2007

# Keller v. PA Bd Probation

Precedential or Non-Precedential: Non-Precedential

Docket No. 06-4558

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2007

Recommended Citation

"Keller v. PA Bd Probation" (2007). *2007 Decisions.* Paper 904.
http://digitalcommons.law.villanova.edu/thirdcircuit_2007/904

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2007 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

BLD-252                                                    NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT

NO. 06-4558
_____

WAYNE KELLER,
                              Appellant,
vs.

PA BOARD OF PROBATION AND PAROLE; KATHLEEN M. ZWIERZYNA; SEAN
RYAN; W. HIGGINS; DONALD J. JONES; SUPERINTENDENT THOMAS LAVAN,
SCI-DALLAS; CHIEF HEARING EXAM. ROBERT S. BITNER

_____

On Appeal From the United States District Court
For the Middle District of Pennsylvania
(M.D. Pa. Civ. No. 02-cv-1925)
District Judge:  Honorable Richard P. Conaboy

Submitted For Possible Dismissal Under 28 U.S.C. § 1915(e)(2)(B)
May 31, 2007
Before: MCKEE, FUENTES and WEIS, <u>CIRCUIT JUDGES</u>
(Filed June 20, 2007)
_____

OPINION
_____

PER CURIAM.

        Wayne Keller, a Pennsylvania state prisoner proceeding <u>pro</u> <u>se</u>, appeals

from the District Court's orders granting summary judgment in favor of appellees.  For

the reasons set forth below, we will dismiss this appeal pursuant to 28 U.S.C. §

1

1915(e)(2)(B)(I).

Keller is, and at all relevant times was, incarcerated at the State Correctional Institution at Dallas, Pennsylvania ("SCI-Dallas"). In October 2002, Keller commenced a civil rights action under 42 U.S.C. § 1983 in the U.S. District Court for the Middle District of Pennsylvania seeking damages, a declaratory judgment, and injunctive relief against the following defendants: the Pennsylvania Board of Probation and Parole ("the Parole Board"); Parole Board Secretary Kathleen Zwierzyna; Parole Board member Sean Ryan; Hearing Examiner Donald Jones; and Correctional Officer W. Higgins. In the complaint, Keller alleged that: (1) he was denied due process and equal protection when the Parole Board, Zwierzyna, and Ryan improperly denied him re-parole on three occasions in retaliation for his refusal to pay a certain fee, and in retaliation for his having threatened litigation against the Parole Board; (2) Zwierzyna refused to consider his allegation that his sentence had been miscalculated; (3) on September 6, 2001, Correctional Officer Higgins issued a false misconduct charge against him; and (4) during institutional disciplinary proceedings on the misconduct charge, Hearing Examiner Donald Jones denied Keller his right to present witnesses and excluded other evidence. Keller also alleged that he was subject to cruel and unusual punishment when, as a result of the misconduct charge, he was placed in the prison's Restricted Housing Unit ("RHU")

for 90 days.[1]

Keller subsequently filed an amended complaint in which he named as defendants Chief Hearing Examiner Robert Bitner and SCI-Dallas Superintendent Thomas Lavan, whom he alleged improperly denied his appeals from the misconduct charge. Keller sought damages and a declaratory judgment against these defendants.

On September 9, 2004, the District Court entered an order granting partial summary judgment to the defendants, and dismissed Keller's claims against the Parole Board, Hearing Examiners Robert Bitner and Donald Jones, and Superintendent Thomas Lavan. The District Court initially permitted Keller to proceed on his claims against Parole Board members Kathleen Zwierzyna and Sean Ryan, and Correctional Officer Higgins, but, by order dated March 29, 2006, granted summary judgment in favor of these defendants as well. Keller submitted a timely motion for reconsideration, which the District Court denied on October 10, 2006. The present appeal followed.[2]

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. See Tourscher v. McCullough, 184 F.3d 236, 240 (3d Cir. 1999). Because Keller is

---

[1] Keller's claims are appropriately brought in a § 1983 action. See, e.g., Wilkinson v. Dotson, 544 U.S. 74, 81-82 (2005).

[2] Keller states that he is appealing from the District Court's March 29, 2006 order granting summary judgment, and does not reference the Court's earlier summary judgment order. Nonetheless, since "the appeal of a final judgment draws into question all prior non-final orders and rulings," Drinkwater v. Union Carbide Corp., 904 F.2d 853, 858 (3d Cir. 1990), we will review the Court's September 9, 2004 summary judgment order as well.

3

proceeding *in forma pauperis*, we must review this appeal to determine whether it should be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B). We dismiss an appeal if it "lacks an arguable basis in law or in fact." Neitzke v. Williams, 490 U.S. 319, 325 (1989).

We review a District Court's grant of summary judgment de novo. Pennsylvania Coal Ass'n v. Babbitt, 63 F.3d 231, 235 (3d Cir. 1995). Summary judgment is proper only if it appears "that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); Carrasca v. Pomeroy, 313 F.3d 828, 832-33 (3d Cir. 2002). If a motion for summary judgment demonstrates that no genuine issue of material fact exists, the nonmoving party must set forth specific facts showing a genuine material issue for trial and may not rest upon the mere allegations or denials of its pleadings. Connors v. Fawn Mining Corp., 30 F.3d 483, 489 (3d Cir. 1994). After a careful review of the record, we conclude that the District Court correctly entered summary judgment against Keller on all of his claims.

First, the District Court properly dismissed Keller's claim for damages against the defendants in their official capacities, as it is well established that § 1983 claims against state officials acting in their official capacities are barred by the Eleventh Amendment. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71 (1989). The District Court also properly dismissed Keller's claims against the Parole Board, as those claims were likewise barred by the Eleventh Amendment. See id.; Independent

4

Enterprises, Inc. v. Pittsburgh Water and Sewer Auth., 103 F.3d 1165, 1172 (3d Cir. 1997).

We also agree with the District Court that Hearing Examiners Donald Jones and Robert Bitner and Superintendent Thomas Lavan were entitled to summary judgment on Keller's claim that he was denied due process during the institutional disciplinary proceedings following his September 6, 2001 misconduct charge. As the District Court explained, an inmate's due process rights are not triggered unless the prison "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." Sandin v. Conner, 515 U.S. 472, 484 (1995). Here, Keller was placed in RHU for 90 days. We have made clear that this type of confinement does not constitute an "atypical and significant hardship" so as to trigger due process rights. See Griffin v. Vaughn, 112 F.3d 703, 706 (3d Cir. 1997) (finding that 15 months in segregation was not an "atypical and significant hardship").[3]

The District Court was also correct in granting summary judgment in favor of Correctional Officer Higgins on Keller's claim that the misconduct charge was falsified. As discussed above, Keller was not subjected to "atypical and significant hardship" when he was placed in RHU following his misconduct charge. See Sandin, 515

---

[3] The District Court did not address Keller's related claim that his placement in RHU constituted cruel and unusual punishment. We conclude, however, that confinement in a restricted housing unit does not in itself constitute cruel and unusual punishment in violation of the Eighth Amendment. See Griffin, 112 F.3d at 708.

5

U.S. at 484; Griffin, 112 F.3d at 706. Therefore, because Keller was not deprived of a protected liberty interest, his challenge to the misconduct charge is actionable only under section 1983 if Officer Higgins issued the misconduct in retaliation for Keller having exercised a constitutional right. See Rauser v. Horn, 241 F.3d 330, 333 (2001). Here, Keller did not present any facts that would establish a retaliatory motive behind the misconduct charge. Rather, the record reflects that Officer Higgins issued the charge following an altercation at the food window during which Keller "aggressively" yelled, used an obscenity, and threatened to hit Officer Higgins over the head with a food tray. In any event, Officer Higgins could not have been motivated by Keller's threat of litigation against the Parole Board because Keller did not threaten the Parole Board until *after* Officer Higgins issued the misconduct. Therefore, we conclude that the District Court properly granted summary judgment in favor of Officer Higgins on this claim.

We also agree with the District Court that Parole Board Secretary Zwierznya was entitled to summary judgment on the grounds that she was not personally involved in any aspect of Keller's sentencing or parole hearings. See Rode v. Dellarciprete, 845 F.2d 1195, 1207 (3d Cir. 1988). Here, Keller failed to show that Secretary Zwierznya participated in any way in the 1997, 2001, or 2002 parole hearings or the subsequent review process. Rather, Keller claimed only that Zwierznya acted as Secretary of the Parole Board, and that her signature appeared at the bottom of the Parole Board's decisions. These allegations are insufficient to establish that Secretary

6

Zwierznya was somehow personally involved in Keller's case. Therefore, the District Court correctly found that Secretary Zwierznya was entitled to summary judgment.

We further agree with the District Court's disposition of Keller's claim against Parole Board member Sean Ryan. In the complaint, Keller alleged that Ryan improperly denied him re-parole in 2001 and 2002 in retaliation for his refusal to pay a certain fee, and in retaliation for his having threatened litigation against the Parole Board. In Wilson v. Rackmill, we recognized that parole officers are entitled to absolute immunity when the challenged act arises from their "adjudicatory duties" as distinguished from their executive, administrative, or investigative duties. 878 F.2d 772, 775 (3d Cir. 1989). In the present matter, the record indicates that Ryan interviewed Keller for re-parole and took part in deciding whether Keller should be granted re-parole in 2001 and 2002. These actions were adjudicatory in nature. See id. (finding that defendants were performing adjudicatory duties when they were serving as parole hearing examiners). Accordingly, the District Court properly granted summary judgment in favor of Parole Board member Ryan on the grounds that he was immune.

Finally, we note that in his notice of appeal, Keller does not appear to seek review of the District Court's October 10, 2006 order denying his motion for reconsideration. Nonetheless, in deference to Keller being a pro se litigant, we have reviewed Keller's motion and the District Court's order and conclude that the District Court did not abuse its discretion in denying the motion on the grounds that Keller failed

7

to present any newly discovered evidence or legal precedent.  See Hudson United Bank v.

Litenda Mortgage Corp., 142 F.3d 151, 159 (3d Cir. 1998).

For the foregoing reasons, we conclude that the District Court properly

entered summary judgment against Keller on all of his claims.  Accordingly, because this

appeal  lacks an arguable basis, we will dismiss it pursuant to 28 U.S.C. § 1915(e)(2)(B).